UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GRIGG,<br><br>           Plaintiffs,<br><br>     v.<br><br>U.S. NINTH CIRCUIT COURT OF APPEALS,<br><br>           Defendants. | Case No. 23-cv-02638-EMC   (EMC)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITH PREJUDICE**<br><br>Docket No. 6 |

Plaintiff Peter Grigg filed an application to proceed *in forma pauperis* in this matter. Docket No. 5. On July 20, 2023, Magistrate Judge Tse screened the Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—. . . the action or appeal . . . fails to state a claim on which relief may be granted." Docket No. 6. Judge Tse found that the complaint was deficient because it named two defendants that are immune from liability. *Id.* Accordingly, Judge Tse recommended that the case be dismissed with prejudice. *Id.* Mr. Grigg was required to object to the report and recommendation within fourteen days of receiving a copy but did not do so.

As to dispositive matters heard by a magistrate judge, "the magistrate judge may go no further than issuing a report and recommendation to the district court, which then must undertake de novo review." *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015). In reviewing the issue de novo, this Court adopts the report and recommendation and hereby orders the complaint be dismissed with prejudice.

Mr. Grigg alleges that he was discriminated against in judicial proceedings. *See* Docket

No. 1 at 3–6.  Mr. Griggs names two defendants that are immune to suit.  *Id.* at 2.  Specifically, he named the U.S. Ninth Circuit Court of Appeals, and the Montana Judicial System.  *Id.*

       The Ninth Circuit is comprised of federal judges, who are absolutely immune from civil liability for "judicial acts taken within the jurisdiction of their courts."  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."); *see also Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996) ("A judge is generally immune from a civil action for damages . . . [as well as] actions for declaratory, injunctive and other equitable relief.").  The acts underlying the complaint are judicial in nature and occurred within the court's jurisdiction.  *See generally* Docket No. 1.  As to the Montana Judicial System, the state courts act as arms for the state, and thus are immune from suit under the Eleventh Amendment.  *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the [state court] (or its employees), because such suits are barred by the Eleventh Amendment.").  Given the nature of the claims alleged and in light of the rules of immunity discussed above, amendment would be futile.  Accordingly, the Court hereby dismisses Plaintiff's complaint with prejudice.  *See Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[W]here amendment would be futile, a claim is properly dismissed with prejudice." (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)).

       **IT IS SO ORDERED**.

Dated: November 20, 2023

_____
EDWARD M. CHEN
United States District Judge